UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JEAN FRANCOIS RIGOLLET and LE MACARON, LLC,

    Plaintiffs,

v.

MITCHELL J. KASSOFF, ESQ.,

    Defendant.

Case No.: 2:21-cv-15587-WJM-JSA

**OPINION**

**WILLIAM J. MARTINI, U.S.D.J.:**

    This legal malpractice action arises out of a dispute between plaintiffs Jean Francois Rigollet ("Rigollet") and Le Macaron, LLC ("Le Macaron," and, together with Rigollet, "Plaintiffs") and their former counsel defendant Mitchell J. Kassoff, Esq. ("Defendant") concerning Defendant's representation of Plaintiffs in since dismissed litigation in the United States District Court for the Middle District of Florida. Before the Court is Defendant's motion (the "Motion") to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. For the reasons set forth below, Defendant's Motion is **GRANTED**.

**I.    BACKGROUND**[1]

    **A.    Factual Background**

    Plaintiffs are citizens of France who retained Defendant, an attorney licensed to practice in the state of New Jersey, to represent them in a dispute between Plaintiffs and non-party Le Macaron Development, LLC ("LMD") arising under a certain franchise agreement between the parties. Compl., Notice of Removal Ex. A, ¶ 2, ECF No. 1; *see also* Retainer Agreements, Declaration of Jason S. Feinstein, Esq. (the "Feinstein Decl.") Ex. A, ECF No. 4-2. In connection with this dispute, Defendant, on behalf of Plaintiffs, commenced litigation against LMD in the United States District Court for the Middle District of Florida (the "Florida Action"). *See generally* Complaint, *Le Macaron, LLC v. Le Macaron Development, LLC*, Case No. 8:16-cv-00918-EAK-TGW (M.D. Fla. Oct. 24, 2016), Dkt. No. 1.[2] In the Florida Action, Plaintiffs alleged, among other things, that LMD

---

[1] Unless otherwise stated, the following facts are taken from the Complaint and documents "integral to or explicitly relied upon in the Complaint," and are accepted as true for the purpose of this Opinion. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

[2] The Court notes that Plaintiffs did not include any information about the franchise agreement or the Florida Action in their Complaint. Indeed, Plaintiffs did not even allege in which "federal

and certain of its indirect members made a number of false and misleading statements to induce Plaintiffs into entering into a franchise agreement to operate franchise locations of LMD's pastry shops in Nevada, and subsequently breached the terms thereof. *Id.* In an order dated May 11, 2017, the district court in the Florida Action ultimately dismissed all of the claims asserted therein for lack of subject matter jurisdiction, and the case was terminated on August 25, 2017. Order, *Le Macaron, LLC v. Le Macaron Development, LLC*, Case No. 8:16-cv-00918-EAK-TGW (M.D. Fla. May 11, 2017), Dkt. No. 59.

### B. Procedural History

On June 21, 2021, Plaintiffs brought this action against Defendant in the Superior Court of New Jersey, Law Division, Essex County asserting claims for legal malpractice in connection with the Florida Action. Specifically, Plaintiffs allege that Defendant acted negligently by filing suit in a court that did not have subject matter jurisdiction over the claims and thereby forcing Plaintiffs to incur unnecessary legal fees and expenses that were paid to Defendant in connection with the prosecution of the Florida Action. On August 18, 2021, Defendant timely removed the action to this Court on the basis of the Court's diversity jurisdiction.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The Court need not accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion, the Court is ordinarily limited to the facts as alleged in the complaint, the exhibits attached thereto, and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1996 (3d Cir. 1993). Thus, where a 12(b)(6) motion is predicated on a statute of limitations defense to a claim, the claim may properly be dismissed as time-barred only when "the statute of limitations defect is apparent from the face of the complaint and/or from matters of which judicial notice may be had." *Vallejo v. United States*, No. 13-5455 (NLH), 2015 WL 4653212, at *5 (D.N.J. Aug. 6, 2015) (internal quotations omitted).

---

court" the franchise litigation took place. The Court, however, may take judicial notice of other legal proceedings and documents filed therein, though not for their truth, in considering a motion to dismiss. *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999).

2

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III.   DISCUSSION

Defendant moves to dismiss the Complaint in its entirety, arguing that Plaintiffs' claims for legal malpractice were time-barred by the applicable two-year statute of limitations governing such claims under Florida law. Plaintiffs have opposed the Motion, arguing that New Jersey's six-year statute of limitations applies and that their claims are therefore timely. The Court agrees with Defendant that Florida's two-year statute of limitations applies, and that Plaintiffs' claims are barred thereby.

In diversity cases, the Court applies the choice-of-law rules of the forum state–here, New Jersey–in order to decide which state's substantive law governs Plaintiffs' claims. *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017). Under New Jersey law, the Court must first determine whether an actual conflict between potentially applicable state laws exists. *P.V. ex rel. T.V. v. Camp Jaycee*, 197 N.J. 132, 143 (2008). Here, there is no dispute that there is a conflict between New Jersey and Florida law as applied to Plaintiffs' legal malpractice claims based on the dismissal of the Florida Action for lack of subject matter jurisdiction on May 11, 2017. Under Florida's two-year statute of limitations applicable to legal malpractice claims, Plaintiffs' claims would be untimely and dismissal would be warranted. *See* Fla. Stat. § 95.11(a)(4), *Watts v. Goetz*, 311 So. 3d 253, 260 (Fla. Dist. Ct. App. 2020). Under New Jersey's longer six-year statute of limitations applicable to such claims, however, Plaintiffs' claims would be timely and allowed to proceed. N.J.S.A. 2A:14-1; *McGrogan v. Till*, 167 N.J. 414, 426 (2001).

Because the Court has determined that a true conflict exists between New Jersey and Florida law, it must apply New Jersey's choice-of-law rules with respect to conflicts involving state statutes of limitations. In determining which state's statute of limitations to apply to tort claims, including legal malpractice claims, New Jersey courts look to Section 142 of the Second Restatement of Conflict of Laws. *McCarrell v. Hoffman-La Roche, Inc.*, 227 N.J. 569, 584 (2017). Under Section 142 of the Second Restatement, a forum state will apply its own statute of limitations permitting a claim unless (a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of the state which has a more significant relationship to the parties and the occurrence giving rise to the claim. *See* Restatement (Second) of Conflict of Laws, § 142(2).

Applying Section 142's test to the facts of this case, the Court concludes that the Florida statute of limitations applies to Plaintiffs' claims. First, it is clear that New Jersey does not have a substantial interest in the maintenance of Plaintiffs' malpractice claims.

3

While Plaintiffs are correct that New Jersey has an interest in regulating the conduct of attorneys licensed to practice in that state, this general interest is not "substantial" within the meaning of Section 142 such that New Jersey's own statute of limitations would apply where, as here, each of the other facts giving rise to a legal malpractice claim invariably point towards some other jurisdiction. *See MTK Food Servs, Inc. v. Sirius Am. Ins. Co.*, 455 N.J. Super. 307, 315 (N.J. Super. Ct. App. Div. 2018) (holding that fact that attorney was licensed and worked in New Jersey "[fell] short of establishing a substantial interest for New Jersey to apply its statute of limitations" to malpractice claim where the relevant conduct of the attorney and the focus of the underlying dispute that led to the malpractice claim all occurred in Pennsylvania); *see also Weibel v. Morris, Downing & Sherred, LLP*, No. A-4067-16T2, 2018 WL 6369453, at *7 (N.J. Super. Ct. App. Div. Dec. 6, 2018) (finding California statute of limitations applied to malpractice claim against New Jersey attorney where underlying litigation took place in California and involved parties operating in California). Indeed, it would seem that New Jersey in fact has a substantial interest in *not* applying its own statute of limitations in such cases both generally to discourage forum shopping and, more specifically, with respect to legal malpractice claims to avoid subjecting attorneys licensed or working in New Jersey who also practice in other states to "disparate, unfair treatment." *MTK Food Servs.*, 455 N.J. Super. at 315.

Here, aside from the fact that Defendant happened to be an attorney licensed in, and working out of, New Jersey, none of the facts of this case or the underlying Florida Action bear any relevance to New Jersey. The basis of the malpractice claims concerns Defendant's alleged negligence in bringing and litigating the Florida Action, and the underlying allegations in the Florida Action itself centered on a dispute between LMD, a Florida limited liability company, and Le Macaron, a Nevada limited liability company, and their respective owners, none of whom are residents or citizens of New Jersey, arising under a franchise agreement allegedly governed by Florida law. None of these facts suggest that New Jersey holds a substantial interest in the maintenance of claims arising out of the Florida Action. Moreover, applying New Jersey's statute of limitations to Plaintiffs' claims would unfairly subject Defendant to a longer limitations period for claims arising out of the Florida Action than Florida-based counsel would be subjected to for the same conduct.

Nor does New Jersey have a *per se* substantial interest in all malpractice claims or disciplinary matters against attorneys merely because they happen to be licensed to practice by that state. New Jersey's Rules of Professional Conduct make clear that, although New Jersey attorneys are subject to discipline for conduct that occurs outside of the state, "disciplinary action based on claims filed outside of New Jersey should apply the rules of the jurisdiction where the claim is filed." *Id.* (citing N.J. *RPC* 8.5(b)). The Rules thus appear to contemplate the application of Florida law and Florida rules of professional conduct to matters arising out of claims litigated in Florida. As Plaintiffs acknowledge, Defendant was admitted *pro hac vice* to practice before the United States District Court for the Middle District of Florida, and, in being so admitted, was subject to the applicable rules of that court, including that he "remain familiar with, and [be] bound by, the rules governing the professional conduct of a member of The Florida Bar." M.D. Fla. L. R.

2.02(e). Accordingly, there is no reason why it would be inappropriate to apply Florida law to claims arising out of the litigation of the Florida Action.

The lone case cited by Plaintiffs in favor of applying the New Jersey statute of limitations to their claims, *Bernick v. Frost*, 210 N.J. Super. 397 (N.J. Super. Ct. App. Div. 1986), does not warrant a different result. First, the court in *Bernick* analyzed the choice of law issue in that case under "the most significant relationship test" applicable to contract disputes set forth in Section 188 of the Second Restatement. *Bernick* did not concern a statute of limitations issue and was decided long before the New Jersey Supreme Court's 2017 decision in *McCarrell* adopting Section 142 of the Second Restatement in analyzing choice of law issues with respect to statutes of limitations, and subsequent decisions of New Jersey courts applying Section 142 to legal malpractice claims.

Second, the facts of *Bernick* are distinguishable from the facts of this case. *Bernick* concerned an interpretation of a legal fee agreement between two New Jersey residents which was executed in New Jersey and contemplated application of the New Jersey contingent fee schedule to any litigation proceeds. *Id.* at 402. As such, even though the claims were ultimately litigated in New York, the court found that New Jersey law, and New Jersey's contingent fee schedule, applied. *Id.* That situation is much different from determining the statute of limitations applicable to a legal malpractice claim arising from out-of-state litigation between two nonresidents of New Jersey at issue here. Finally, although the court in *Bernick* noted the "strong public interest . . . in regulating the economic relationship between New Jersey attorneys and their clients in tort cases," *id.*, that interest, which arose in connection with a fee agreement for a successfully prosecuted tort action, is substantially different than New Jersey's interest in applying its own statute of limitations to tort claims for legal malpractice based on out-of-state litigation for purposes of Section 142.

Accordingly, the Court finds that Florida's two-year statute of limitations applies to Plaintiffs' legal malpractice claims. As noted, however, because the Florida Action was dismissed for lack of subject matter jurisdiction on May 11, 2017, and such dismissal forms the basis of Plaintiffs' legal malpractice claims, Plaintiffs' claims are barred by Florida's two-year statute of limitations. As such, Plaintiffs' claims are untimely and must be dismissed.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion is **GRANTED**. An appropriate order follows.

**Date: November 4, 2021**                                    _____
                                                              WILLIAM J. MARTINI, U.S.D.J.